FOUGERA & CO. *v.* UNITED STATES (No. 1963).[1]

1. CLERICAL ERROR—ADDITIONAL DUTY.

Where merchandise, designed by the seller and the importers to be distributed by the importers gratuitously as samples, was, for this reason, invoiced at a specially reduced price which the importers knew to be below the foreign market value, its entry at the specially reduced price was not "manifest clerical error" within the meaning of that expression in Paragraph I, Section III, tariff act of 1913, and additional duty as provided by the paragraph was correctly levied upon the difference between the entered and appraised values.

2. EXCESS MERCHANDISE.

Where regular-sized packages of merchandise were invoiced to the importers at a special price in consideration of an understanding between the seller and the importers that they were to be distributed by the importers gratuitously as samples, and the importers entered them at the special price instead of the market value, the fact that the importers believed the samples to be smaller than the regular-sized packages did not constitute the case one of excess merchandise within the rule of Downing & Co. *v.* United States (2 Ct. Cust. Appls., 278; T. D. 32033), since the importers' misapprehension as to the size of the packages did not affect the question of value, and additional duty upon the difference between the entered and appraised values was justly levied under Paragraph I, Section III, tariff act of 1913.

[1] T. D. 38237 (38 Treas. Dec., —).

## United States Court of Customs Appeals, December 30, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42768.

[Affirmed.]

*Walter Evans Hampton* for appellants.

*Bert Hanson*, Assistant Attorney General, for the United States.

[Oral argument Dec. 17, 1919, by Mr. Hampton and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case relates to an importation of certain proprietary medicines which consisted of four cases numbered, respectively, 904 to 907 on the invoice. There was also an additional case numbered 897. The merchandise in all of these cases was appraised at the same rate per package. An appeal to reappraisement was made but subsequently abandoned. The valuation on entry by the importer of the goods in cases numbered 904 to 907 was at a rate much below that at which the merchandise in case numbered 897 was entered. As a result, additional duty was assessed upon the contents of cases numbered 904 to 907. The importer protests on the ground that there was manifest clerical error, and he also makes the claim that the case should be treated as analagous to that of Downing *v.* United States (2 Ct. Cust. Appls., 278; T. D. 32033).

The facts are not much in dispute. The merchandise consisted of proprietary medicines and that contained in the four cases numbered from 904 to 907 was marked as samples and was sent forward to the importers to be distributed free to physicians as a part of a propaganda. The exporter wrote the importers referring to the contents of these four boxes, as follows:

As they are samples, and each box and bottle bears that information, we have stated as the price 1 franc per box or bottle, which is about normal cost price * * *. Hoping that this shipment will reach you in good condition and that you will be able to distribute it among the doctors, as was agreed, we offer, etc.

This information was before the importers at the time of the entry. They nevertheless entered the goods according to the invoice price, which they must have known was a special price made to the importers for a particular reason. In other words, they had notice that the contents of these boxes were not invoiced with respect to the market value at the place of shipment, but that a special price was made which was not the market value. Yet they entered the goods at the price they did, claiming that the price represented market value. How there is any room for claiming that there was any clerical error in doing so we do not understand. It is true that they ascertained upon an examination of the articles, as they claim, that the samples were not of the size expected, but were identical in size with the contents of box numbered 897. But this did not affect the entry, for whatever the size of the samples, they were billed to them at a

special price, and they were expected to be and were in fact, as we assume, distributed gratis to physicians. If there was an error in fixing this valuation upon the contents of the four boxes, it was not an error of fact and not a clerical error nor one resulting from want of full information on the part of the importer.

The claim that there was an excess shipment, so called, is attempted to be established by showing that the importer was mistaken as to the contents of the boxes imported and was deceived by the bill of lading, which was the case in Downing v. United States, supra. But the trouble in applying that case to this is that the error was one which did not, so far as the record discloses, affect the question of value.

The importer, in attempting to liken this case to the Downing case, says that in the latter case the shipper by mistake shipped goods of English origin but did not notify the principals, who had the right to suppose that instructions had been followed and that goods only of American origin were included in this shipment, and it is said that the shipper, in the present case, by error sent regular-sized packages but did not notify the importer.

The trouble in drawing this analogy is that the size of the package which was marked as samples would not appear to have cut any figure in fixing the price. The only reason why the price was reduced, as appears by the correspondence, was the dedication of the packages to the particular use as samples by marking the boxes as samples. There is nothing to indicate that the size of the package would fix the value, while it is certain that the importers had been advised that the price fixed by the exporter was not the market price. The case is unlike the Downing case, and there is no clerical error.

The decision of the board is *affirmed*.